**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROSEMARY MCBRIDE HAINEY**, | |
| Plaintiff, | |
| v. | Civil Action No. 11-cv-1725 (RLW) |
| **UNITED STATES DEPARTMENT OF THE INTERIOR**, | |
| Defendant. | |

**MEMORANDUM OPINION**

Plaintiff Rosemary McBride Hainey ("Hainey") brings this action challenging the United States Department of the Interior's response to her request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  This matter is now before the Court on the parties' Cross-Motions for Summary Judgment (Dkt. Nos. 12, 14).  Upon careful consideration of the parties' briefing and the entire record in this case, the Court concludes, for the reasons set forth herein, that Hainey's Motion will be **DENIED** and that the Department's Motion will be **GRANTED**.

**BACKGROUND**

According to her Complaint, Hainey "has established a web-sharing webpage which is used as a repository for all Freedom of Information Act records obtained from the federal government," through which she aims to "promote public understanding and debate of issues concerning key current public policy issues, focusing on the hiring and employment ethics in the federal government."  (Dkt. No. 1 ("Compl.") at ¶ 7).  On February 13, 2011, she submitted a FOIA request to the Department of Interior's Office of the Secretary, requesting:

> [A]ll non-exempt documents relating to vacancy announcements within your Department from January 1, 2008 through January 31, 2011.  The records

1

requested includes [sic] but is [sic] not limited to all vacancy announcements, job analyses, applicant ratings, position descriptions (Form OF-8), applicant questionnaires, certificates sent to selecting officials, selections made, and any pass-over requests. This FOIA also requests all non-exempt internal communications relating to hiring reform and your efforts from January 1, 2009 through January 31, 2011.

(Dkt. No. 17, ECF pp. 28-115 ("Hainey Decl."), Ex. 1 ("FOIA Request")).[1] Hainey also sought

a fee waiver in connection with her request, under FOIA's public interest exception, 5 U.S.C. §

552(a)(4)(A)(iii).[2] (*Id.*).

The Department received Hainey's request on February 14, 2011, which meant that,

under the statute, the Department's response was due on or before March 15, 2011. (Dkt. No.

17, ECF pp. 9-10 ("Pl.'s Facts") at ¶¶ 2-3). On March 30, 2011, the Department sent its

response letter to the mailing address that Hainey provided in her FOIA request. (Dkt. No. 14,

ECF pp. 3-7 ("Def.'s Facts") at ¶ 4). Therein, the Department advised Hainey that her fee

waiver was denied, and it also provided its preliminary cost estimate for responding to her

request—but only with respect to information held within the Bureau of Ocean Energy

Management, Regulation, and Enforcement ("BOEMRE"), one of nine separate bureaus that

comprise the Interior Department.[3] (*Id.* ¶¶ 3-4). In total, the Department estimated that, as to

that particular subset of documents, it would take between 2,373 and 3,164 hours of search time

---

[1]    Because Hainey filed her opposition brief and all supporting documents and exhibits as a single file, rather than as separate attachments through the electronic filing system, for clarity's sake, the Court cites to the ECF page numbers within the overall document.

[2]    This exception provides that documents shall be furnished without charge "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

[3]    Along with BOEMRE, the Department of the Interior is also made up of the Bureau of Indian Affairs, the Bureau of Land Management, the Bureau of Reclamation, the Bureau of Safety and Environmental Enforcement, the National Park Service, the Office of Surface Mining, Reclamation and Enforcement, the U.S. Fish and Wildlife Service, and the U.S. Geological Survey. (Dkt. No. 14-1 ("Lohr Decl.") at ¶ 5). BOERME houses the Department's Office of the Secretary, the Interior Department component to which Hainey submitted her FOIA request.

to compile the information Hainey sought, at a cost between $99,666.00 and $132,888.00. (*Id.*). The letter also advised that, given the denial of her fee waiver, Hainey would be responsible for the costs of processing her FOIA request beyond the initial 2 hours of search time and the first 100 pages produced. (Lohr Decl., Ex. B). Finally, the Department's letter indicated that, if Hainey did not submit an amended FOIA request or an agreement to cover the processing fees within twenty business days, the Department would assume that she was no longer interested in pursuing her request and would close its files. (*Id.*).

As it happens, the Department's response did not reach Hainey and was returned to the Department as "unclaimed" on April 26, 2011. (Def.'s Facts at ¶ 6). The Department attempted to send its response to Hainey a second time, on May 11, 2011, but that letter was also returned to the Department as "unclaimed" on June 13, 2011. (*Id.* ¶¶ 7-9).

Meanwhile, having received no response on her end, Hainey had already filed an appeal of her FOIA request on March 25, 2011. (Pl.'s Facts at ¶ 5). Apparently, it took the Department almost six months to process that appeal, but ultimately, the Department denied her appeal on September 19, 2011, explaining, in relevant part:

> Upon receipt of your appeal, the Department contacted the OS [Office of the Secretary] to ascertain why it has not responded to your FOIA request. The OS has advised that it sent to you a letter dated March 30, 2011, responding to your FOIA request on two separate occasions (copy attached). The OS sent the March 30, 2011, letter to you at the address you provided in your FOIA request and this appeal, however, both were returned by the U.S. Postal Service as being "unclaimed" (copies of the mailing envelopes are attached). Because the OS's March 30, 2011, letter to you was returned on two separate occasions and you did not otherwise resolve the defects with your requests that the OS presented in its March 30, 2011, letter to you, the OS properly closed its files on your request.
>
> Should you continue to want copies of the documents you seek in your February 13, 2011, FOIA request, you must submit a new FOIA request to the OS. However, please be sure to provide a return address by which the OS can successfully communicate with you and resolve all of the defects that the OS identified in its March 30, 2011, letter.

(Lohr Decl., Ex. B).   One week later, on September 26, 2011, Hainey filed her Complaint initiating this lawsuit.[4]

After this action was filed, the Department renewed their attempts to respond to Hainey's FOIA request.   To this end, the Department confirmed the estimate originally received from BOEMRE and gathered similar estimates from the Department's other Bureaus.   (*Id.* ¶ 11). Overall, the Department determined that, during the time period covered by Hainey's request, it had posted more than 30,000 vacancy announcements, and that those vacancy announcements had garnered approximately 3.8 million applications.   (*Id.* ¶¶ 11-12).   According to the Department, a conservative estimate of the scope of those materials could "easily exceed" 11 million pages.   (*Id.* ¶ 13).

On November 21, 2011, counsel for the Department contacted Hainey and communicated, among other issues, the Department's concerns about the scope of her FOIA request.   (*Id.*, Ex. F) ("[T]here are likely over a million people who applied for these vacancies and your request asks for *all* related documents.") (emphasis in original).   Hainey responded to the Department's message the following day, at which time she produced a spreadsheet she had received from the Energy Department in response to "the very same FOIA request," stating that:

> As you can see from the attached, all pertinent information relating to each vacancy announcement is included.  I have accepted the Department of Energy's timely response as fully responsive to the exact same FOIA request.

(*Id.*).   Several weeks later, after considering Hainey's response, the Department's Office of the Secretary sent her another letter on December 23, 2011, regarding the status and scope of her FOIA request.   Therein, the Department indicated that, in its view, a total search in response to

---

[4]     Hainey's Complaint asserts five separate counts against the Department: (1) Failure to Respond to FOIA Request Within 20 days; (2) Failure to Provide Written Notice of Intent to Take 10-Day Extension; (3) Improper Extension of Time to Determine Fee Waiver; (4) Failure to Timely Respond to FOIA Appeal; and (5) Failure to Apply Statutory Waiver of Search Fees. (*See generally* Compl.).

her request would be "unreasonably burdensome," but the Department did propose several options for narrowing her request. (*Id.*, Ex. H).

First, with respect to the "vacancy announcement" portion of her request, the Department offered to produce spreadsheets similar to the Department of Energy sample Hainey forwarded, and it even included a sample spreadsheet listing what the Department perceived to be the pertinent "vacancy announcement" information from the Bureau of Reclamation. (*Id.*). With respect to the other aspect of Hainey's request—the "hiring reform" component—the Department explained that, because it had previously convened a 25-employee task force to work on hiring reform efforts, a full search for responsive records would be burdensome and prohibitive, insofar as it would require reviewing more than two years' worth of email correspondence for 25 different employees. (*Id.*). Instead, the Department proposed to narrow that portion of Hainey's FOIA request to the following documents: "(a) Proposed actions plans from each Bureau submitted to the Hiring Reform Task Force; (b) Initial action plan PowerPoint submitted to OMB; (c) Action plan detailing 180 actions taken by the Department; (d) Scorecards on the action plans; (e) Status reports submitted to OMB regarding [the Department's] progress; and (f) Reports related to time-to-hire improvements." (*Id.*). The letter advised that, if Hainey agreed to limit production to those documents, the Department would "happily provide them as quickly as possible." (*Id.*). The Department also forwarded a copy of that letter to Hainey via email message on December 28, 2011. (*Id.*, Ex. J).

Hainey responded on January 1, 2012, rejoining that "[t]he statutory time for the agency's response has expired," and that "the proposed Hiring Reform modification/substitution does not remotely provide the level of detail requested in the initial FOIA request." (*Id.*). With respect to the vacancy announcement portion of her FOIA request, however, she asked to receive

an electronic copy of the Bureau of Reclamation spreadsheet so that she could more meaningfully review the issue. (*Id.*). The Department sent a copy of that report on January 4, 2012. (*Id.*). Subsequently, after several follow-up attempts by the Department, Hainey ultimately responded on January 20, 2012, claiming that the spreadsheet was insufficient; instead, she again referenced the Department of Energy spreadsheet, which she confirmed was "an adequate substitute for the individual documents that could be responsive to the FOIA request." (*Id.*). After some additional back-and-forth, the Department inquired of Hainey whether, "if Interior makes a spreadsheet, similar to Dep't of Energy, that includes all of the information you requested, it would not be responsive to your FOIA request?" (*Id.*, Ex. M) (emphasis in original).

Hainey responded and apparently took issue with the Department's approach, asserting that "creating a document that does not exist violates the Freedom of Information Act," and that she was "merely cautioning [the Department] on creating a document for the express purpose of responding to a FOIA request." (*Id.*). Persisting, the Department again attempted to confirm whether Hainey would consider "a report similar to the one done by Energy . . . [as] responsive to [her] FOIA request." (*Id.*). Hainey did not immediately respond. The Department sent another message on January 24, 2012, explaining that, "[r]egarding the FOIA request, the report is generated based on various search terms . . . . [I]f you want a report similar to the one you received from Energy, please confirm all of the fields you want and a search can be done and a report will be generated." (*Id.*, Ex. N) (emphasis in original). The Department sent Hainey at least four additional email messages during the ensuing weeks that went unreturned, until, on February 27, 2012, she finally responded as follows:

> I am not sure I can devote the time to constantly review the submissions as timely as you would like. To reduce this constant back and forth, please use the sample I

forwarded to you in December.  If the sample is somehow unclear, please let me know.

(*Id.*) (emphasis added).  In a separate message sent on the same date, Hainey reiterated: "please provide all of the fields from the Energy sample I sent you." (*Id.*, Ex. N).

Thereafter, on April 18, 2012, the Department produced to Hainey forty-eight (48) separate spreadsheets totaling more than 30 megabytes in size.  The spreadsheets contained fields identical or equivalent to the fields contained in the Department of Energy sample Hainey had provided.  (*Id.* ¶ 22-25, Ex. O).  At that point, because the Department believed it had produced all the information requested through the "narrowed" scope of Hainey's request, it considered her FOIA request closed.  (*Id.* ¶ 26).  Notably, the Department did not assess Hainey any fees in connection with the processing or production of this information.

## ANALYSIS

### A.  Standard of Review

Summary judgment is appropriate when the moving party demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009).  "FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009).  In a FOIA action to compel production of agency records, the agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the [FOIA's] inspection requirements.'" *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001) (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)).  Summary judgment may be based solely on information provided in an

agency's supporting affidavits or declarations if they are relatively detailed and when they

describe "the documents and the justifications for nondisclosure with reasonably specific detail,

demonstrate that the information withheld logically falls within the claimed exemption, and are

not controverted by either contrary evidence in the record nor by evidence of agency bad faith."

*Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

### B.  Hainey's Challenges to the Declaration of Gabriel Lohr

Given that Hainey devotes a substantial portion of her opposition brief attacking the

agency declaration submitted in support of the Department's cross-motion, the Court begins

here.  The Department relies on the declaration of Gabriel Lohr, an Attorney-Advisor in the

Department's Branch of General Legal Services.  (Lohr Decl. at ¶ 1).  According to Mr. Lohr, he

"provide[s] legal advice to the Office of the Secretary's FOIA Office," "assist[s] the OS FOIA

Office with FOIA litigation," and was assigned to this case involving Hainey's FOIA request.

(*Id.* ¶¶ 2-3).  Hainey argues that Mr. Lohr's declaration is "patently defective" because, in her

view: (1) his assertions are not based upon his personal knowledge; (2) his declaration is "riddled

with inadmissible hearsay"; (3) he fails to aver that he is "competent" to testify to the facts

alleged; and (4) he failed to affirm that his declaration was provided under penalty of perjury,

under 28 U.S.C. § 1746.  (Dkt. No. 17, ECF pp. 1-15 ("Pl.'s Opp'n") at 1-3).  None of these

arguments is meritorious.

First, the Court finds that Mr. Lohr sufficiently established his personal knowledge of the

facts contained in his declaration, as well as his "competency" to address those facts.  To start

with, Mr. Lohr clearly and unequivocally sets forth his competency and personal knowledge in

the text of his affidavit—he expressly states that he has "personal knowledge of this case because

[he] was assigned to it on or about October 18, 2011," and he expressly confirms that "[a]ll of

the information set forth in [his] declaration is based upon [his] personal knowledge or upon information furnished to [him] in [his] official capacity." (Lohr Decl. at ¶ 3-4). Hainey's arguments in this regard essentially boil down to the contention that, because Mr. Lohr was not "assigned to" her case from February through October 2011, he cannot have personal knowledge of the events that transpired during that time period. She also suggests that, because Mr. Lohr was not copied or included on particular email messages regarding her FOIA request, he lacks personal knowledge of the contents of those messages and the overall communications between herself and the Department. (Pl.'s Opp'n at 2-3, 8-15). These arguments are unavailing.

In the FOIA context, a declarant satisfies the personal knowledge requirement of Federal Rule of Civil Procedure 56(e) if, "in his declaration, [he] attest[s] to his personal knowledge of the procedures used in handling [a FOIA] request and his familiarity with the documents in question." *Hall v. Dep't of Justice*, 63 F. Supp. 2d 14, 16 n.1 (D.D.C. 1999) (quoting *Spannaus v. Dep't of Justice*, 813 F.2d 1285, 1289 (4th Cir. 1987)) (brackets in original); *Schoenman v. FBI*, 575 F. Supp. 2d 166, 171-72 (D.D.C. 2008) (same). In addition, it is well settled that "FOIA declarants may include statements in their declarations based on information they have obtained in the course of their official duties." *Barnard v. Dep't of Homeland Sec.*, 598 F. Supp. 2d 1, 19 (D.D.C. 2009); *Thompson v. Exec. Office for United States Attorneys*, 587 F. Supp. 2d 202, 208 n.4 (D.D.C. 2008). Mr. Lohr's declaration readily satisfies these standards, rendering Hainey's personal knowledge, competency, and hearsay objections without merit.

Otherwise, Hainey argues that Mr. Lohr's declaration must be rejected because he failed to sign the declaration under penalty of perjury, pursuant to 28 U.S.C. § 1746. Simply put, this assertion is not true. At the conclusion of Mr. Lohr's original declaration, he expressly avers: "In accordance with 28 U.S.C. § 1746, I declare that the foregoing is true and correct to the best

of my knowledge." (Lohr Decl., at p. 10). To the extent Hainey is complaining about Mr. Lohr's use of the qualifying phrase "*to the best of my knowledge*," the Court rejects that argument because Mr. Lohr's certification "substantially compl[ies] with the verification requirements of § 1746." *Am. Mgmt. Servs., LLC v. Dep't of the Army*, 842 F. Supp. 2d 859, 868 n.6 (E.D. Va. 2012); *Hamilton v. Mayor & City Council of Baltimore*, 807 F. Supp. 2d 331, 353 (D. Md. 2011) (finding affirmation that statements were "true and accurate to the best of [my] knowledge and belief" sufficient under § 1746); *Kersting v. United States*, 865 F. Supp. 669, 676-77 (D. Haw. 1994).[5] Accordingly, Mr. Lohr's declaration is fully admissible.

### C. Hainey's Claims Surrounding the Timeliness of the Department's Response

As Hainey makes clear in her summary judgment briefing, her legal challenges in the case stem almost exclusively from the Department's delay in responding to her initial FOIA request and her FOIA appeal—"this case challenges the timing of the agency responses to plaintiff's FOIA request and FOIA appeal." (Dkt. No. 12 ("Pl.'s Mem.") at 1). According to Hainey, the Department's "failure to respond within the statutory timeframe whether it would grant or deny the fee waiver request and its decision to release or withhold records responsive to the FOIA request demonstrates that this Court must grant summary judgment in plaintiff's favor." (*Id.* at 1-2). She therefore seeks relief based solely on the timing and delay of the

---

[5]     Hainey's objection on this ground is further undermined by the fact that Mr. Lohr submitted a revised declaration with the Department's reply brief, removing the above-described "qualifying" language from the affidavit. (Dkt. No. 19-1 at 10) ("In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct."). Therefore, while the Court reiterates that Mr. Lohr's original affidavit satisfied the requirements of § 1746, the unequivocal statement in his revised declaration removes any and all doubt. Relatedly, although Mr. Lohr's two declarations are otherwise substantively identical, for clarity's sake, the Court's references herein to the "Lohr Declaration" should be understood to mean Mr. Lohr's original declaration, appearing at Docket Entry 14-1.

Department's response—indeed, the entirety of the arguments set forth in her summary judgment briefing relate to these issues. (*See generally id.*).[6]

While the Court agrees that the Department's responses were untimely under the statute, the Department's untimely responses, in and of themselves, do not entitle Hainey to judgment in her favor. *Richardson v. Dep't of Justice*, 730 F. Supp. 2d 225, 231-32 (D.D.C. 2010) ("The timing of an agency's release of records responsive to a FOIA request does not determine whether the agency has complied with its obligations under the FOIA."); *Jacobs v. Fed. Bureau of Prisons*, 725 F. Supp. 2d 85, 89 (D.D.C. 2010) ("The BOP's untimely response does not entitle plaintiff to judgment in his favor."); *Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59, 68 (D.D.C. 2003) ("[A] lack of timeliness or compliance with FOIA deadlines does not preclude summary judgment for an agency, nor mandate summary judgment for the requester."). Stated another way, "whether the search was completed before or after the requestor files a lawsuit, the remedy available to the plaintiff is the same: access to the documents to which [s]he is entitled under the law." *Richardson*, 730 F. Supp. 2d at 232; *Tunchez v. Dep't of Justice*, 715 F. Supp. 2d 49, 54 (D.D.C. 2010) (same).

Thus, given that the Department has now responded to Hainey's request—a fact she does not dispute—the only issue for the Court to consider at this point is whether the Department's response complies with its obligations under FOIA. *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."); *Crooker v. State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980) ("Once the records are produced the

---

[6]     This has been Hainey's approach since the inception of her lawsuit, as evidenced by some of her earliest communications with the Department's counsel in November 2011. (*See, e.g.*, Lohr Decl., at Ex. F) ("As you are aware, the complaint essentially charges the defendant with failing to adhere to certain [FOIA] deadlines.").

substance of the controversy disappears and becomes moot since the disclosure which the suit

seeks has already been made."); *Atkins v. Dep't of Justice*, Case No. 90-5095, 1991 WL 185084,

at *1, 1991 U.S. App. LEXIS 22309, at *1 (D.C. Cir. Sept. 18, 1991) ("The question whether

DEA complied with the Freedom of Information Act's (FOIA) time limitations in responding to

Aaron Atkins' request is moot because DEA has now responded to this motion.").

Although Hainey does not challenge the sufficiency of the Department's response

anywhere in either her Complaint or her moving papers, inasmuch as the Department seeks

summary judgment on the grounds that it fully and adequately responded to her FOIA request,

the Court will proceed to consider those issues nonetheless.[7]

### D.  The Sufficiency of the Department's Response

Both Hainey and the Department construe her FOIA request as two distinct requests

seeking two different categories of information: (1) "all non-exempt documents relating to

<u>vacancy announcements</u> within [the Department of Interior] from January 1, 2008 through

January 31, 2011"; and (2) "all non-exempt internal communications relating to <u>hiring reform</u>

and your efforts from January 1, 2009 through January 31, 2011." (*See, e.g.*, Lohr Decl., Ex. H)

(emphases added).  Therefore, consistent with the parties' approach, the Court will separate its

---

[7]     Hainey's failure to challenge the adequacy of the Department's response in her
Complaint is somewhat understandable, given that the only response she had received from the
Department as of the filing of this action on September 26, 2011, was the denial of her FOIA
appeal.  But her failure to make any mention of those issues in her summary judgment motion is
significantly less excusable.  By April 2012, Hainey had long since received the Department's
original response to her FOIA request and her appeal denial.  In addition, by that time, the
Department had engaged in months' worth of substantial efforts to reasonably narrow the scope
of Hainey's FOIA request and provide responsive documents.  Inexplicably, Hainey failed to
include any mention of these developments whatsoever in her moving papers.

analysis accordingly, dealing first with Hainey's "vacancy announcement" request, and then turning to her "hiring reform" request.

### 1. Hainey's "Vacancy Announcement" Request

The Court first concludes that the Department fully satisfied its FOIA obligations with respect to Hainey's "vacancy announcement" request. Originally, this component of Hainey's initial FOIA request sought "all non-exempt documents relating to vacancy announcements within [the Department of Interior] from January 1, 2008 through January 31, 2011. The records requested includes [sic] but is not limited to all vacancy announcements, job analyses, applicant ratings, position descriptions (Form OF-8), applicant questionnaires, certificates sent to selecting officials, selections made, and any pass-over requests." (FOIA Request). Through its initial response, the Department concluded that the estimated "search time" cost to compile only a portion of the requested records—records produced by just one of the Interior Department's nine bureaus—would amount to nearly $100,000.00. (Lohr Decl., Ex. B). Of course, that response never reached Hainey, and it was not until the Department rendered a determination on Hainey's FOIA appeal—and she subsequently initiated this lawsuit—that the Department was informed that Hainey still sought those records.

Thereafter, in response to the Department's concerns regarding the overbreadth of her request, Hainey provided the Department with an exemplar spreadsheet she had previously received from the Energy Department, which she considered to be "fully responsive" "to the very same FOIA request." (*Id.*, Ex. F). Hainey confirmed that she was narrowing this aspect of her FOIA request during subsequent communications with the Department, again asking the Department to "use the [Energy Department] sample I forwarded to you in December," and "provide all of the fields from the Energy sample I sent you." (*Id.*, Ex. N). In turn, the

Department prepared and produced to Hainey on April 19, 2012, forty-eight (48) separate spreadsheets using fields that were "identical or equivalent to" the parameters from the Energy sample that Hainey herself provided.  (*Id.* ¶ 21-25, Exs. O, P).

Hainey does not dispute these facts, nor does she contend that the Department's production is not fully responsive to this aspect of her FOIA request.  Instead, she appears to argue only that the Department has not complied with its obligations with respect to the "hiring reform" component of her request.  (*See* Pl.'s Opp'n at 7) ("The fact that the Agency's belated endeavors [sic] to produce partial records relating to vacancy announcements does not cancel the part of the February 13, 2011 FOIA request seeking hiring reform efforts."); ("[T]he Department has not established that the Plaintiff is not entitled to the hiring reform records . . . ."). Therefore, insofar Hainey apparently concedes that the Department fully satisfied its FOIA obligations by producing the various spreadsheets in response to her "vacancy announcement" request, the Court will grant summary judgment in the Department's favor on these grounds. *Perry*, 684 F.2d at 125; *Crooker*, 628 F.2d at 10.  But even if Hainey were potentially arguing that the Department should produce additional records in response to this portion of her request—above and beyond the extensive spreadsheets produced by the Department—this argument fails.  The Department fully complied with Hainey's modified request, and she cannot now argue that she is entitled to additional records that fall outside the scope of the request as she narrowed it.  *See Wilson v. Dep't of Transp.*, 730 F. Supp. 2d 140, 152 (D.D.C. 2010) (holding that the plaintiff, who agreed to narrow his FOIA request "cannot now argue that he meant something else"); *Kenney v. Dep't of Justice*, 603 F. Supp. 2d 184, 189 (D.D.C. 2009) (stating

that the "[p]laintiff cannot allege that the agency failed to produce responsive records, when the

records he now identifies fall outside the scope of his appropriately narrowed request").[8]


### 2. Hainey's "Hiring Reform" Request

Turning to the "hiring reform" portion of Hainey's FOIA request, the Court agrees that

the Department properly declined to respond to her request as unreasonably burdensome. It is

well established that "an agency need not honor a [FOIA] request that requires 'an unreasonably

burdensome search.'" *Am. Fed'n of Gov't Employees, Local 2782 v. Dep't of Commerce*, 907

F.2d 203, 209 (D.C. Cir. 1990) (quoting *Goland*, 607 F.2d at 353); *see also Nation Magazine v.*

*U.S. Customs Serv.*, 71 F.3d 885, 891-92 (D.C. Cir. 1995); *Int'l Counsel Bureau v. Dep't of*

*Defense*, 723 F. Supp. 2d 54, 59-60 (D.D.C. 2010); *Pub. Citizen, Inc. v. Dep't of Educ.*, 292 F.

Supp. 2d 1, 6 (D.D.C. 2003). This is because "FOIA was not intended to reduce government

agencies to full-time investigators on behalf of requestors." *Assassination Archives & Research*

*Ctr., Inc. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989). Accordingly, "it is the requester's

responsibility to frame requests with sufficient particularity to ensure that searches are not

unreasonably burdensome." *Id.* (citing *Yeager v. DEA*, 678 F.2d 315 (1982)); *Judicial Watch,*

*Inc. v. Export-Import Bank*, 108 F. Supp. 2d 19. 27-28 (D.D.C. 2000). Where an agency claims

that a search would be unreasonable, however, the burden falls on the agency to "provide

---

[8]     Hainey's Complaint also asserted a claim surrounding the Department's denial of her fee waiver. (*See* Compl. at ¶¶ 30-32). But given the fact that Hainey failed to address this claim at any point during the briefing on the parties' cross-motions for summary judgment, the Court presumes she has abandoned that aspect of her case. *See, e.g.*, *Ramirez v. Dep't of Justice*, 594 F. Supp. 2d 58, 61 (D.D.C. 2009). Moreover, the record establishes that the Department waived any and all fees associated with the spreadsheets it did produce in response to Hainey's FOIA request—a fact that Hainey does not dispute. Accordingly, this component of her claims appears moot in any event.

sufficient explanation as to why such a search would be unreasonably burdensome." *Nation Magazine*, 71 F.3d at 892; *see also Pub. Citizen*, 292 F. Supp. 2d at 6.

Here, the "hiring reform" component of Hainey's original FOIA request sought "all non-exempt internal communications relating to hiring reform and [the Department's] efforts from January 1, 2009 through January 31, 2011." (FOIA Request). By letter of December 23, 2011, the Department explained to Hainey that, in June 2009, the Department "created a task force of 25 employees to work on hiring reform in the [Interior] Department." (Lohr Decl., Ex. H). Because of this, and because Hainey's request sought all internal communications on the subject, the Department concluded that responding to her request would require a search of every email sent or received by 25 different employees throughout a two-year time period. (*Id.*). The Department also added that it would need to individually review each potentially responsive email to confirm its releasability. (*Id.*). In sum, the Department concluded that a search and review along those lines would be "unreasonably burdensome." (*Id.*). While the Department previously offered to produce a more limited range of documents in response Hainey's "hiring reform" request, Hainey rejected that proposal and responded that, in her view, the Department's proposed modification "[did] not remotely provide the level of detail requested in the initial FOIA request." (*Id.*, Ex. J). And even at this point, Hainey continues to insist that the Department should be required to produce the full scope of records sought through her original "hiring reform" request. (Pl.'s Opp'n at 7).[9] The Court does not agree.

As set forth above, the Department has demonstrated that responding to the full scope of Hainey's original "hiring reform" request would require the Department "to locate, review,

---

[9]    Hainey does not argue that the Department should at least be required to produce the restricted scope of documents it previously offered, and therefore, the Court need not and does not consider whether this would be an appropriate form of relief.

redact, and arrange for inspection of a vast quantity of material." *Am. Fed'n of Gov't Employees, Local 2782*, 907 F.2d at 209.  Hainey does not argue otherwise—indeed, she altogether fails to respond to the Department's burdensomeness arguments.  She simply asserts that the Department efforts as to her "vacancy announcement" request "are not factors to determine whether it satisfied the unmodified portion of the February 13, 2011 FOIA request"—the portion related to "hiring reform" efforts.  (Pl.'s Opp'n at 7).  That may be so.  But that argument says nothing about whether the Department can satisfy her "hiring reform" request absent an unreasonably burdensome search and review process.  Therefore, based on the Department's "explanation as to why such a search would be unreasonably burdensome," *Nation Magazine*, 71 F.3d at 892, and given the absence of any contrary argument on Hainey's part, the Court finds that the Department acted properly.  The Court thus grants summary judgment for the Department with respect to the "hiring reform" portion of Hainey's FOIA request.[10]

## CONCLUSION

For the foregoing reasons, the Court concludes that Hainey's Motion for Summary Judgment will be **DENIED** and that the Department's Cross-Motion for Summary Judgment will be **GRANTED**.   An appropriate Order accompanies this Memorandum Opinion.

Date:  February 25, 2013

ROBERT L. WILKINS
United States District Judge

---

[10]     In view of this holding, the Court need not reach the Department's alternative argument that it fully responded to the "hiring reform" request in any event, because Hainey agreed to accept the spreadsheet documents in lieu of the "hiring reform" documents she requested as well.